IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONA LOCKHEART, <br><br> Plaintiff, <br><br> v. <br><br> STONEMARK MANAGEMENT, LLC, <br><br> Defendant. | CIV. ACTION NO. |

## COMPLAINT

Named Plaintiff Rona Lockheart brings this complaint for damages and other relief against Defendant Stonemark Management, LLC and states and alleges as follows:

## INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

## PARTIES

2. Plaintiff is a resident of DeKalb County, Georgia.

3. Defendant is a domestic Georgia corporation.

4. Defendant's principal office address is 400 Interstate North Parkway, Suite 1300, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

6. Under 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiffs' claims, as described in this complaint, occurred within this Division and District.

7. In the three years prior to the filing of this complaint, Defendant has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

8. In the three years prior to the filing of this complaint, Defendant has been and continue to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

9. Defendant had an annual gross volume of sales made or business done in excess of $500,000 in 2010.

10. Defendant had an annual gross volume of sales made or business done in excess of $500,000 in 2011.

11. Defendant had an annual gross volume of sales made or business done in excess of $500,000 in 2012.

12. Defendant's annual gross volume of sales made or business done in 2013 will exceed $500,000.

## COUNT I: FAILURE TO PAY OVERTIME

13. Defendant owns and manages residential apartment communities.

14. Plaintiff worked for Defendant since June 2006.

15. Plaintiff was paid an hourly wage by Defendant in exchange for performing customer service, rent collection, and other duties.

16. At the time of her separation from Defendant, Plaintiff's hourly rate was $15.45 per hour.

17. Plaintiff routinely worked in excess of 40 hours per week for Defendant.

18. Defendant did not pay Plaintiff at a rate greater than or equal to one and one-half times her regular rate for all of her overtime hours.

19. Defendant regularly suffered and permitted Plaintiff to perform work for which she received no compensation at all.

20. Defendant had an "auto-deduct" lunch policy in which one hour was automatically deducted from Plaintiff's pay.

21. Plaintiff was often unable to take a bona fide lunch break during the course of her workday.

22. Plaintiff was not compensated for the time she worked through her lunch period.

23. Plaintiff often stayed at work beyond her scheduled shift.

24. Plaintiff was encouraged to record only 40 hours of work per week, even if she worked hours in excess of 40 per week.

25. Defendant lacked reasonable grounds for believing its pay practices comported with the requirements of the FLSA.

26. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

27. Plaintiff seeks damages in the amount of her unpaid overtime wages, liquidated damages, and such other legal and equitable relief as the Court deems proper.

28. Plaintiff also seeks the recovery of her attorney's fees and costs as provided by the FLSA.

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiff respectfully prays that:

a. The Court enter judgment in favor of Plaintiff;

b. The Court enter judgment against Defendant that its violations of the FLSA were willful;

c. The Court award Plaintiff her unpaid wages, as provided for by the FLSA;

d. The Court award Plaintiff liquidated damages equal to the amount of her unpaid wages, as provided for by the FLSA;

e. The Court award Plaintiff reasonable costs and attorney's fees, as provided for by the FLSA; and

f. The Court grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 9, 2013

Respectfully submitted,

|  |  |
|---|---|
| **MAYS & KERR LLC**<br>235 Peachtree Street NE<br>North Tower \| Suite 202<br>Atlanta, GA 30303<br>Telephone:  (404) 410-7998<br>Facsimile:   (877) 813-1845<br>Attorney for Plaintiff | s/Jeff Kerr<br>Jeff Kerr<br>Ga. Bar No. 634260<br>jeff@maysandkerr.com |

6